IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| LIMETREE BAY SERVICES, LLC, *et al.*,[1] | § | |
| | § | Case No. 21-32351 |
| | § | |
| Debtors. | § | JOINTLY ADMINISTERED |
| | § | |
| | § | |
| SEDGWICK CLAIMS | § | |
| MANAGEMENT SERVICES, INC., | § | Adversary No. _____ |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| LIMETREE BAY TERMINALS, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

# COMPLAINT

Limetree Bay Terminals, LLC ("Defendant") has repeatedly refused to pay Sedgwick Claims Management Services, Inc. ("Sedgwick," and together with Defendant, the "Parties") for services rendered under the Agreement (as hereinafter defined) between the Parties. Sedgwick, therefore, seeks to enforce the Agreement and collect all amounts owed thereunder, including incurred costs and attorney fees, from Defendant in connection with this adversary proceeding (the "Adversary Proceeding"). In support of its Complaint against Defendant, Sedgwick states as follows:

---

[1] The Debtors in these chapter 11 cases (collectively, the "Bankruptcy Case"), along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

11121912.2

## PARTIES, VENUE, AND JURISDICTION

1. Sedgwick is a corporation that operates internationally. Sedgwick is registered to do business with the Texas Secretary of State and manages an office located in Houston, Texas.

2. Upon information and belief, Defendant, has its principal place of business in St. Croix, U.S. Virgin Islands. Defendant has appeared and participated in numerous hearings and proceedings held in the above-referenced bankruptcy case (the "Bankruptcy Case"); therefore, it has consented to the Court's exercise of personal jurisdiction over it.

3. This Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b), and by the standing order of the United States District Court for the Southern District of Texas referring to this Court all cases and proceedings in this District arising in or related to a case under Title 11 of the United States Code (the "Bankruptcy Code").

4. This Adversary Proceeding is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (O) because any recovery obtained by Sedgwick in this Adversary Proceeding will reduce Sedgwick's allowed claim against the Debtors.[2] Alternatively, and for the same reasons, this Court has noncore concurrent jurisdiction over this proceeding under 28 U.S.C. §§ 1334(b) and 157(a), as this cause of action is related to the Debtors' bankruptcy cases and will have an impact on the Debtors' estates.

5. Sedgwick consents to trial and entry of final order by the bankruptcy judge, whether this proceeding is core or non-core.

6. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

---

[2] *See Order Compelling Turnover of the Sedgwick Data* [Doc. 520, in the Bankruptcy Case] (providing that "[t]o the extent that Sedgwick receives payment on this claim from any other source, such payment will reduce the amount of Sedgwick's claim" and "Sedgwick reserves all rights to pursue Limetree Bay Terminals, LLC . . . for unpaid amounts under its alleged contract with Terminals.").

11121912.2

**FACTS**

7. On May 12, 2021, the Debtors and their related affiliates, including Defendant, experienced an incident (the "Incident") at the Limetree Bay oil refinery (the "Refinery") located in St. Croix, U.S. Virgin Islands, which caused oil to rain on the portion of the island located west of the Refinery to the sea (the "Affected Area"). The Refinery suspended its operations shortly after the Incident, which created an exigent health and safety crisis for the residents of St. Croix in the Affected Area.

8. On May 13, 2021, Defendant retained Sedgwick's services to assist it with its efforts to respond to the Incident. Pursuant to their engagement, the Parties relied on their previously-entered Short Form Services Agreement (contract number: LTS-314 dated July 21, 2020 (the "Agreement")), which evidences Sedgwick's engagement by Defendant. *See* **Exhibit A**.

9. As part of the scope of its engagement, Sedgwick's adjusters would visit and visually inspect the damaged properties in the Affected Area, and would use established guidelines to calculate an estimated damage amount owed for each individual property inspected. Sedgwick's adjusters would also talk to the properties owners, take pictures of the damage, and collect other data related to each damaged property. Sedgwick's adjusters would also attempt to settle property damage claims for the properties inspected, and had authority to settle claims up to $6,000. If a settlement was reached with a property owner, Sedgwick would require the property owner to execute a general release form in favor of, among other entities, the Defendant.

10. Prior to ceasing its work for Defendant, Sedgwick inspected over 2,000 properties, and obtained over 1,100 releases in favor of Defendant.

11. Following its engagement by Defendant, and as requested by Defendant, Sedgwick sent its hourly rates and invoice information to Defendant via email as seen below.

> From: Merritt, George A. <George.Merritt@sedgwick.com>
> Sent: Thursday, May 13, 2021 4:35 PM
> To: Franklin.Quow <fquow@lbenergy.com>; Alan.Yarosh <AYarosh@lbenergy.com>; Sloan.Schoyer <sschoyer@lbenergy.com>; Dustin.Dunbar <Ddunbar@lbenergy.com>
> Cc: Riviere, Roland <Roland.Riviere@Sedgwick.com>; De Sordi, Laura <Laura.Desordi@sedgwick.com>; Kuczynski, Amanda <Amanda.Kuczynski@sedgwick.com>; Mejia, Joel A. <Joel.A.Mejia@Sedgwick.com>
> Subject: [EXTERNAL] RE: Limetree Bay Claims/DOL: 12 May 2021
>
> *Warning: Email received from outside the Limetree Bay domain. Use caution before clicking on any links, opening any attachments, or providing sensitive data.*
>
> Hi Franklin,
>
> Receipt of yours is acknowledged and noted with thanks. Our hourly rates are as follows:
>
> Adjuster $135.00
> Senior Adjuster $145.00
> General Adjuster $155.00
> Executive General Adjuster $200.00
>
> All expenses are invoiced at cost.

See **Exhibit B**.

12. Sedgwick also immediately assembled a team of adjusters who were sent to the Refinery, starting on May 14, 2021. Due to the scale of the project, Sedgwick sent additional adjusters throughout the time of its service to Defendant.

13. On May 17, 2021, Sedgwick requested that the Agreement be amended to include the payment date of a retainer fee. Defendant acknowledged receipt of the request and represented that it would keep Sedgwick posted as to a payment date for the retainer fee.

> To: Franklin.Quow <fquow@lbenergy.com>
> Cc: Riviere, Roland <Roland.Riviere@Sedgwick.com>; De Sordi, Laura <Laura.Desordi@sedgwick.com>; Dustin.Dunbar <Ddunbar@lbenergy.com>
> Subject: Sedgwick Retainer/USV21073110
>
> Good morning Franklin,
>
> Per agreement between Laura de Sordi and Dustin Dunbar, kindly amend the Service Agreement to include the below language.
>
> "Limetree has agreed to pay Sedgwick a retainer of $150,000.00 payable to the following bank account:
>
> Bank Info:
>
> Account Name:   Sedgwick/Clearing Trust
> Bank Name:      Fifth Third Bank
> Bank Address:   38 Fountain Square
>                 Cincinnati, OH 45202

**Exhibit C**.

4

11121912.2

14. The first visual inspection under the Agreement was conducted on May 18, 2020 (*i.e.*, only six (6) days after the Incident). Relying on the Agreement and acting under the Defendant's direction, Sedgwick's adjusters visually inspected over **2,000 properties** in a matter of six (6) weeks (the "Project").

15. On May 26, 2021, Sedgwick sent its first invoice (the "First Invoice") to Defendant, in the amount of $75,000.00. *See* **Exhibit D**.

16. On June 21, 2021, Sedgwick sent a second invoice (the "Second Invoice") to Defendant, who acknowledged its receipt, in the amount of $855,000.00. *See* **Exhibit E**.

17. On June 22, 2021, Sedgwick requested an update as to the payment of the Invoice. Defendant gave no information as to when it would be paid. *See* **Exhibit F.**

18. On June 23, 2021, Sedgwick sent another invoice ("Third Invoice") to Defendant in the amount of $150,000.00, which reflects the parties' agreement to pay Sedgwick an initial retainer. *See* **Exhibit G.**

19. On June 24, 2021, Sedgwick again requested a payment date. Defendant responded that the payment would be completed June 25, 2021:

> **From:** Dustin.Dunbar <Ddunbar@lbenergy.com>
> **Sent:** Friday, June 25, 2021 9:15 AM
> **To:** De Sordi, Laura <Laura.Desordi@sedgwick.com>
> **Subject:** RE: Limetree- invoice payment
>
> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> I'm working on a payment run for today. I'll keep you posted.

*See* **Exhibit H.**

20. On June 26, 2021, Sedgwick stopped its work on the Project as a result of Defendant's non-payment. At this point in time, Sedgwick had performed $1,177,089.47 worth of services under the Agreement for Defendant.[3] *See* **Exhibit I** (Schedule of Individual Invoices).

21. When the payment was still not completed by June 26, 2021, Sedgwick again requested an update. Defendant informed Sedgwick the payment "would be pushed into [the] next week." *See* **Exhibit J**.

> From: Riviere, Roland <Roland.Riviere@Sedgwick.com>
> Sent: Saturday, June 26, 2021 9:07:39 AM
> To: Dustin.Dunbar <Ddunbar@lbenergy.com>
> Cc: Jeffrey.Charles <jcharles@lbenergy.com>; De Sordi, Laura <Laura.Desordi@sedgwick.com>
> Subject: [EXTERNAL] Invoice payment
>
> *Warning: Email received from outside the Limetree Bay domain. Use caution before clicking on any links, opening any attachments, or providing sensitive data.*
>
> Good morning, Dustin.
>
> In talking to Laura this morning, I understand that you were to make a payment run yesterday that included our fee invoice, but we've heard nothing further from you. We've not seen a wire confirmation either.
>
> We all know the concerns that have caused the pause in the project, and having had your advices that a payment would be made yesterday, it looked like we were getting somewhere with this process. Not hearing anything further is worrisome.
>
> We really need to know where we stand, so your advices as to payment are a critical piece of the completion of this process to completion.
>
> I realize that the Admin offices are closed on weekends, but any information you can give us, in particular the payment that was expected yesterday, will be greatly appreciated.

**Exhibit K**.

22. On June 28, 2021, Sedgwick again requested a payment date, which Defendant did not provide.

23. Sedgwick again asked Defendant for payment updates on June 29th, July 1st, July 5th, and July 7th. Defendant finally answered on July 7th, but again failed to provide a payment date. *See* **Exhibit L**.

---

[3] Sedgwick reserves the right to seek payment of its allowed general unsecured claim of $1,115,000.00 (the "Claim") against Limetree Bay Refining, LLC (the "Debtor") in the pending Bankruptcy Case. [*See* Doc. No. 520, in the Bankruptcy Case]. Sedgwick reserves the right to seek its full general unsecured claim amount against the Debtor, including amounts in excess of what has already been granted by the Bankruptcy Court.

11121912.2

24. On July 10, 2021, Defendant requested information regarding Sedgwick's progress on the Project. Sedgwick responded to this request on July 12, 2021, stating it could not furnish further information and/or progress reports until Defendant paid its debt. Sedgwick acknowledged it had "continued to provide services and information as best possible even with these items outstanding, but [could not] continue to the same level under the current terms." *See* **Exhibit M**.

25. Sedgwick attempted to negotiate its fee deadline with Defendant stating, "[payment] [i]n full would be great, but even say 30-40% of it would give [] a good signal to us, which … we deserve in light of the services [Defendant] received." *See* **Exhibit N**.

26. As of the filing of this Complaint, Sedgwick has yet to receive payment for the Invoices.

## COUNT I – BREACH OF CONTRACT

27. Sedgwick adopts and incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

28. Defendant agreed to the terms of the Agreement, was fully aware of Sedgwick's fees and costs, and received the Invoices for services rendered by Sedgwick under the Agreement.

29. Pursuant to the Invoices, Sedgwick performed $1,177,089.47 worth of services for Defendant.

30. Pursuant to the terms of the Agreement, Defendant was obligated to pay the Invoice.

31. Defendant has failed to pay the Invoices for Sedgwick's services from May 13, 2021, through June 28, 2021.

32. Sedgwick sent Defendant multiple notices of delinquency via email. Sedgwick also notified Defendant that partial payment would be accepted. Defendant never paid any amount set forth in the Invoices to Sedgwick.

11121912.2

33. Defendant has damaged Sedgwick by failing to pay the amounts owed under the Agreement, as evidenced by the Invoices.

34. Sedgwick, therefore, demands judgment against Defendant for breach of contract in the amount of $1,177,089.47, plus interest, late charges, costs, and expenses as described in the Agreement, and such other amounts to which Sedgwick is entitled.

## COUNT II – UNJUST ENRICHMENT

35. Sedgwick adopts and incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

36. Sedgwick provided services to Defendant in the amount of $1,177,089.47, which Defendant was required to promptly pay according to the terms of the Agreement.

37. Sedgwick reasonably believed that it would receive payment for the services provided to Defendant because Defendant willfully entered into the Agreement, which required such payment.

38. Defendant has incurred $1,177,089.47 in fees under the Agreement, but has failed to pay Sedgwick.

39. Defendant's failure to pay the Invoices has caused damage to Sedgwick in the amount of $1,177,089.47, plus accruing interest, late charges, and other costs and expenses as described in the Agreement.

40. Sedgwick, therefore, demands judgment against Defendant in the amount of $1,177,089.47, plus interest, late charges and costs and expenses as described in the Agreement, and such other amounts to which Sedgwick is entitled.

## COUNT III – ATTORNEYS' FEES

41. Sedgwick adopts and incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

42. In connection with its attempt to collect what it is owed under the Agreement by Defendant, Sedgwick has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Accordingly, Sedgwick is entitled to recover reasonable and necessary attorney's fees incurred in connection with this Adversary Proceeding.

43. Sedgwick, therefore, demands judgment against Defendant in the amount of reasonable and necessary attorneys' fees incurred in connection with this Adversary Proceeding.

## **PRAYER**

WHEREFORE, Sedgwick requests that the Court enter a judgment:

a. Determining and Declaring that Defendant has breached the parties' contract, and the Agreement and Invoices entitle Sedgwick to payment by Defendants for services rendered to date;

b. Determining and Declaring that Defendant has been unjustly enriched as Sedgwick has performed services for which it has received no payment;

c. Awarding Sedgwick damages in the amount of all amount owed under the Agreement, as evidenced by the Invoices;

d. Awarding Sedgwick the reasonable and necessary cost of attorney's fees incurred in the preparation of this Complaint and as hereinafter incurred in this Adversary Proceeding; and

e. Granting Sedgwick such other, further, and/or different relief to which it may be entitled.

[*Remainder of Page Left Blank Intentionally*].

11121912.2

Dated: October 19, 2021

Respectfully Submitted:

BALCH & BINGHAM LLP

/s/ *Lloyd A. Lim*
Lloyd A. Lim
State Bar No. 24056871
Rachel T. Kubanda
State Bar No. 24093258
Balch & Bingham LLP
811 Louisiana Street, Suite 1010
Houston, Texas 77002
Telephone: (713) 362-2550
Email: llim@balch.com
Email: rkubanda@balch.com

*ATTORNEYS FOR SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.*

11121912.2